Cunningham, Judge.
The action in this case was brought by plaintiff against the city to recover damages alleged to have been sustained by the construction of a viaduct on South Main Street in the city of Pueblo, in front of plaintiff’s property, which was improved by a two-story brick building. The viaduct in question covers the entire width of the street, to-wit, eighty feet, and is something over twenty-two feet in height. Plaintiff claimed damages in the sum of $4,000. The jury returned a verdict in favor of plaintiff in the sum of $900.00 and judgment was entered thereon.
1. The facts presented by the record in this case are substantially identical with the facts involved in *202 Pueblo v. Bradley, 3551, in which case judgment against the city has just been affirmed by us. It will, therefore, only be necessary in this case to refer to our opinion in the Bradley case, in so far as the right of the plaintiff to recover against the city is concerned.
2. But three errors are assigned in the present case, all of which go either to the giving or refusing of instructions by the trial court. It is not seriously contended by counsel for the city that the defendant is not liable to the plaintiff for such damages as he may have sustained by reason of the raising of the viaduct something like fifteen feet above a grade that had been established by the city some fourteen or fifteen years prior to the construction of the viaduct. Nothing had ever been done by the city prior to the construction of the viaduct, to bring the street in question to the grade first established by ordinance. No complaint is made by the city in its assignment of errors as to the size of the verdict. Indeed, in the closing paragraph of his brief counsel for the city says:
“The refusal of the trial court to give instructions numbers 5 and 6, requested by appellant, and the giving of instruction number 7 by the court, upon which said ruling this appeal is predicated, grew out of the uncertainty as to what had really been decided by the supreme court in the Strait and Leiper cases. The Strait and Leiper cases are considered in the case of Pueblo v. Bradley, supra. This appeal, therefore, is prosecuted for the purpose of getting the law in this character of eases settled.”
Desirable as it is that the important questions presented by the assignment of errors should be settled, if they have not been, still it is not incumbent upon this court to consider and determine these questions when presented in connection with an appeal from a judgment *203 that the appellant does not claim is excessive, and for this reason, if for no other, the judgment of the trial court in this case should he affirmed.

Affirmed.